# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE |
| RYAN JUWARN REMBERT, | NO. 1:17-CR-316-MHC-AJB |
| Defendant. | |

## ORDER

This action comes before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Alan J. Baverman [Doc. 64] recommending that Defendant's Motion to Suppress Evidence [Doc. 17], Motion to Suppress Statements [Doc. 18], Supplemental Motion to Suppress Evidence [Doc. 26], and Supplemental Motion to Statements [Doc. 27] be granted in part and denied in part. The Order for Service of the R&R [Doc. 65] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Defendant has filed his objections to the R&R [Doc. 67] ("Def.'s Objs.").

I.  **LEGAL STANDARD**

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DISCUSSION

As an initial matter, Defendant "reiterates, relies on, and incorporates by reference all of his factual allegations and legal conclusions in his previously filed motions and supporting brief." Def.'s Objs. at 1. "[A] party does not state a valid objection to an R&R by merely incorporating by reference previous filings." Hammonds v. Jackson, No. 13-CV-711-MHS, 2015 WL 12866453, at *6 n.2 (N.D. Ga. May 18, 2015); see also Masimo Corp. v. Philips Elec. N.A. Corp., 62 F. Supp. 3d 368, 376 (D. Del. 2014) (holding that underlying briefs may not be incorporated by reference when filing objections to a report and recommendation); Morrison v. Parker, 90 F. Supp. 2d 876, 878 (W.D. Mich. 2000) (citations omitted) ("Plaintiffs' general, nonspecific objections, purporting to incorporate by reference their earlier brief, are tantamount to no objection at all and do not warrant further review."). Accordingly, the Court will not review the prior arguments made by Defendant to the Magistrate Judge, but only will consider specific objections made to the R&R.

### A. The November 28, 2016, Traffic Stop and Arrest

Defendant objects to the Magistrate Judge's conclusion that some of his post-arrest statements made during an approximately 25-second conversation with Officer Anthony Paniagua were made voluntarily and not in response to the

3

questioning by the police officer. Def.'s Objs. at 1-2. The chronology of the conversation between Officer Paniagua and Defendant was as follows:

- Officer Paniagua initiated a traffic stop on a Honda Civic driven by Defendant based on an expired tag.

- After obtaining Defendant's driver's license and running it, Officer Paniagua found that the license was suspended, arrested Defendant for driving with a suspended license, and placed him in the back of his patrol car.

- Defendant was not advised of his <u>Miranda</u>[1] rights.

- Based upon the odor of marijuana coming from the vehicle, Paniagua and another officer searched the vehicle and found a Glock firearm inside an unlocked glove box.

- Officer Paniagua asked Defendant, "Is this your Glock?" to which Defendant responded, "Nah, nah, that's my cousin's car."

- Defendant asked Officer Paniagua if he would let "Damien drive my car," and Officer Paniagua responded, "Yeah" and informed Defendant that the weapon would be taken into police property.

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

- Defendant then said, whoever owns the gun, it was "clean."
- Officer Paniagua again asked Defendant if the gun was his, and Defendant again denied it was.

Tr. of Evid. Hr'g [Doc. 56] ("Tr.") at 105-112, 115-121 & Gov't Ex. 8.

It is undisputed that the two times Officer Paniagua asked Defendant if he owned the Glock, Defendant was in police custody and was not advised of his Miranda rights. The Government has conceded that Defendant's two denials to Officer Paniagua's specific questions as to whether he owned the Glock are not admissible and it will not seek to introduce those statements. Government's Initial Post-Hr'g Resp. in Opp'n to Def.'s Mots. To Suppress [Doc. 58] at 30-31. However, Defendant on his own asked Officer Paniagua if Damien could drive the car and then volunteered that the gun was "clean" no matter who owned it.

In Rhode Island v. Innis, 446 U.S. 291 (1980), the United States Supreme Court discussed the circumstances under which statements made to police officers still may be admissible even when Miranda warnings have not been read:

> We conclude that the Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of

5

> this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police. This focus reflects the fact that the <u>Miranda</u> safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police. A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation. But, since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response.

<u>Innis</u>, 446 U.S. at 300–02 (footnotes omitted). The focus of the inquiry is the perception of the suspect, not the intent of the police. <u>Arizona v. Mauro</u>, 481 U.S. 520, 527 (1987). "Voluntary and spontaneous comments by an accused . . . are admissible evidence if the comments were not made in response to government questioning." <u>United States v. Sanders</u>, 315 F. App'x 819, 823 (11th Cir. 2009) (quoting <u>Cannada v. Dugger</u>, 931 F.2d 752, 754 (11th Cir. 1991)).

This Court concludes that Defendant's statement that the gun was "clean" was not in response to an interrogation or the functional equivalent of an interrogation but was voluntarily made. That Defendant would volunteer that the gun was "clean" was unexpected and certainly was not a response to any statement or question designed to invoke any response—it was simply a comment made by Defendant. As stated by the Magistrate Judge:

6

> The undersigned concludes that the defendant's statements are not subject to suppression because his statements were made voluntarily and not in response to police questioning. . . . [T]he defendant's statement that the gun was "clean" was not in response to questioning by Officer Paniagua. When the defendant first denied that the gun was his, the officer did not pursue the question any further. Instead, after the defendant asked if Damien could drive the Honda, Officer Paniagua said that he could and advised the defendant that, even though the Honda could be driven away, the gun would have to stay with the police. The undersigned finds that this was not intended to illicit an incriminating response, but that the officer was merely clarifying what Damien could (and could not) take with him when driving the Honda from the scene.

R&R at 22.[2]

Other than his objections to those statements that the Government agrees not to introduce in this case, Defendant's objections with respect to the suppression of the statements he made to Officer Paniagua in the patrol car are **OVERRULED**.

### B.  The March 20, 2017, Traffic Stop and Arrest

Defendant objects to the Magistrate Judge's "conclusions of fact and law" that there was probable cause to search the Honda he was driving on March 20, 2017. Def.'s Objs. at 2-3. Defendant asserts that the police officer did not explain the reason he conducted a traffic stop until "several minutes into the stop" and that

---

[2] There were other statements made by Defendant while inside the patrol car that were also not responsive to any questioning by police officers. As concluded by the Magistrate Judge, this "casual conversation on various topics" is also admissible. R&R at 19, 23.

7

the Magistrate Judge should not have deemed the officer's testimony credible because a video recording showed that his actions were "unclear" and "did not rule out" alternative explanations.

It is undisputed that the March 20, 2017, traffic stop was justified because Officer Marqutte Simmons observed Defendant driving the vehicle without wearing a seat belt, a violation of Georgia law. See Tr. 53, 56-7, 62 ("I explained to him the reason for the stop, for not wearing a seatbelt on a public roadway while operating a motor vehicle."); Def.'s Post-Hr'g Resp. Br. [Doc. 61] ("Mr. Rembert concedes that there was reasonable suspicion to justify initiating the traffic stop, namely, his admitted seat belt violation."). Officer Simmons also testified that: (1) while standing at the driver's side door, he smelled raw, unburned marijuana, (2) he observed a mason jar with marijuana residue on the floorboard behind the driver's seat, and (3) he observed a book bag on the backseat. Tr. 62-64, 65-69. Officer Simmons had both training and experience with marijuana and had encountered the smell of burnt and raw marijuana on numerous occasions. Id. at 42-45, 62-64, 66-67. As found by the Magistrate Judge, this provided the officer with probable cause to search the vehicle. R&R at 32 (listing cases). In addition, Officer Simmons observed the glove box was open with sandwich bags in plain view. Tr. at 66. When Simmons entered the vehicle, he removed the mason jar

containing the marijuana residue, searched the book bag (finding another mason jar with two bags of marijuana), and removed the sandwich bags from the open glove box, which also contained marijuana. Id. at 41-42, 70-78.

A warrantless search of an automobile is constitutional if (1) the automobile is readily mobile and (2) there is probable cause to believe that it contains contraband or evidence of a crime. United States v. Lanzon, 639 F.3d 1293, 1299-1300 (11th Cir. 2011) (citing United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2003)). The first prong is satisfied if the car is operational, which is not contested here. Watts, 329 F.3d at 1286 (citation omitted). Regarding the second prong, probable cause "exists when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." Lanzon, 639 F.3d at 1300. Probable cause exists when an officer, through training or experience, detects the smell of marijuana. United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991) (*en banc*); United States v. Lueck, 678 F.2d 895, 903 (11th Cir. 1982). The Magistrate Judge's findings regarding the presence of marijuana in the vehicle driven by Defendants clearly support the probable cause to search the vehicle and seize the contraband that was found.

To the extent that Defendant's objections call into question the Magistrate Judge's findings concerning the credibility of Officer Simmons's testimony, "[i]n

evaluating the factual version of events between the law enforcement officer[ ] and [the defendant], we should defer to the magistrate judge's determination unless his understanding of the facts appears to be 'unbelievable.'" United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (citing United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)). The reasons given by the Magistrate Judge in finding Simmons's testimony to be credible are reasonable. See R&R at 24-27; see also United States v. Emanuel, 440 F. App'x 881, 883 (11th Cir. 2011) (according "substantial deference" to the credibility determinations made by the magistrate judge where the defendant "failed to show that the magistrate [judge]'s understanding of the facts is not plausible or permissible . . . ."). This is not one of those "rare cases" in which the transcript of the evidentiary hearing presents an articulate basis for rejecting the Magistrate Judge's resolution of credibility. United States v. Marshall, 609 F.2d 152, 155 (5th Cir. 1980)[3]; see also United States v. Cofield, 272 F.3d 1303, 1306 (11th Cir. 2001) ("This is not the 'rare case' discussed in Marshall, as the transcript here provides no basis to reject the magistrate judge's credibility findings.").

---

[3] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Therefore, Defendant's objections to the findings and conclusions of the Magistrate Judge with respect to the suppression of evidence seized from the vehicle on March 20, 2017, are **OVERRULED**.

C. **October 12, 2017, Arrest and Interview**

Finally, Defendant objects to the Magistrate Judge's conclusion that Defendant knowingly and voluntarily waived his Fifth Amendment rights prior to making statements to Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agents on October 12, 2017. Def.'s Objs. at 3-4. Defendant fails to challenge any specific findings of the Magistrate Judge but merely incorporates his arguments presented to the Magistrate Judge prior to the issuance of the R&R. See id. This Court agrees with the Magistrate Judge that, under the totality of the circumstances, Defendant, following the reading of his Miranda rights, knowingly and voluntarily waived those rights. R&R at 36-37. His objections are, therefore, **OVERRULED**.

III. **CONCLUSION**

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 67]. Finding no clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 64] as the Opinion and Order of the Court.

11

It is hereby **ORDERED** that Defendant's Motion to Suppress [Doc. 17], Supplemental Motion to Suppress [Doc. 18], Motion to Suppress Statements [Doc. 26], and Supplemented Motion to Suppress Statements [Doc. 27] are **DENIED.**

It is further **ORDERED** that the time between the date the Magistrate Judge certified Defendant ready for trial on December 6, 2018, and the issuance of this Order, shall be excluded in calculating the date on which the trial of this case must commence under the Speedy Trial Act because the Court finds that the delay is for good cause, and the interests of justice in considering Defendant's objections to the Report and Recommendation outweigh the right of the public and the right of the Defendant to a speedy trial, pursuant to 18 U.S.C. § 3161, *et seq.*

**IT IS SO ORDERED** this 8th day of January, 2019.

_____
MARK H. COHEN
United States District Judge